```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA         :
                                 :
     v.                          :
                                 :   Civil No. 1:06CV33
ROBERT H. SARVIS, individually,  :
ROBERT H. SARVIS, as Trustee of  :
MILL HILL REALTY TRUST, and      :
ROBERT A. SARVIS                 :
_____:
```

RULING ON MOTIONS TO INTERVENE UNDER RULE 24
(Papers 99 and 106)

On February 9, 2006, the government filed this action seeking to set aside the fraudulent transfer of certain properties by Robert H. Sarvis, allegedly as trustee of Mill Hill Realty Trust, to his son, Robert A. Sarvis.  The government alleges the transfer was for the purpose of avoiding payment of a restitution obligation of over $12 million.  See generally Verified Complaint (Paper 1).

Buck Realty Trust moves to intervene pursuant to Fed. R. Civ. P. 24.  According to the proposed intervenor, Buck Realty is the current hold of a 50% interest in the Mill Hill Realty Trust, by reason of a conveyance by Robert H. Sarvis' former wife, Claire Murray.  Ms. Murray conveyed her interest to Buck Realty Trust on March 16, 2007, over one year after this suit was originally filed.  See Paper 106 at para. 4.

The standard for permitting intervention of right under Rule 24(a)(2) is well-established.  Such intervention is permitted when each of four conditions are met:

1

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

MasterCard Int'l, Inc. v. Visa Int'l Serv. Assoc., Inc., 471 F.3d 377, 389 (2d Cir. 2006).  If any one of these conditions is not met, intervention as of right may be denied.  See, e.g., Greenidge v. Allstate Ins. Co., 82 Fed. Appx. 728 (2d Cir. 2003).

As an initial observation, Buck Realty Trust's motion is untimely.  This matter has been pending for over a year, and significant discovery has taken place.

Furthermore, the government is the plaintiff in this case. As such, it is seeking only to "void the transfer of Sarvis' interest in 11 Vesper Lane and 21 Vesper Lane to Sarvis, Jr. to the extent necessary to satisfy the debt to the United States." Paper 1 at 7, para. 2.  Accordingly, to the extent the movant or Ms. Murray has a distinct interest in this action, it appears that interest will be recognized. See United States v. City of New York, 198 F.3d 360, 367 (2d Cir. 1999) ("The proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as parens patriae."); Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990) ("a putative intervenor's

interest is not inadequately represented merely because its motive to litigate is different from that of a party").

Likewise, because of the potential for further delay and complication in the resolution of this action, permissive intervention pursuant to Rule 24(b) is inappropriate.  See <u>Wash. Elec.</u>, 922 F.2d at 98-99.

The Motion to Amend Motion to Intervene (Paper 106) is GRANTED.  The Motions to Intervene (Papers 99 and 106) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day of June, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge